JACOB D. COHEN, in Behalf of Himself and All Creditors Similarly Situated, and Another, Appellants, *v.* I. GOODMAN & SON, INC., and Another, Respondents.

First Department, May 4, 1923.

Contempt — judgment debtor transferred all his assets to corporation organized by him — receiver in this action to set aside transfer appointed receiver in bankruptcy of judgment debtor — transfer of assets of corporation by judgment debtor in violation of receivership order constitutes contempt — judgment debtor cannot refuse to answer question as to assets of corporation and as to whether he transferred any accounts thereof — punishment cannot be made under facts shown — case remitted to determine whether goods transferred were same goods transferred by judgment debtor to corporation and whether judgment debtor acted on advice of counsel.

A judgment debtor is guilty of contempt, where it appears that after a judgment had been rendered against him, individually, he organized a corporation and transferred his assets thereto; that thereafter this action by a judgment creditor was commenced to set aside said transfers as a violation of the Bulk Sales Act; that a receiver was appointed herein and the judgment debtor and

defendant corporation were ordered not to interfere with the property; that thereafter the judgment debtor went into voluntary bankruptcy and the same receiver was appointed receiver in bankruptcy and after an order had been made in this action transferring the property to the joint possession of the receiver and the corporation, the judgment debtor disposed of the assets of the corporation in violation of the order of the court.

The judgment debtor did not have the right, on the hearing before the referee, to refuse to answer the question whether he had assigned to creditors of the corporation any outstanding accounts due to it, and as to what the assets of the present corporation consisted, on the ground that it would tend to incriminate him and expose him to a penalty, since the acts involved in the question were not criminal and were asked as to corporate transactions and the liability for punishment for contempt is not liability to a penalty within the meaning of section 355 of the Civil Practice Act.

Under the proofs in the case, the Appellate Division cannot administer adequate punishment, since it does not appear that the goods of the corporation disposed of by the judgment debtor were the identical goods received by the corporation from the judgment debtor, or were purchased with the avails of their sale or that the accounts receivable which were transferred were the accounts transferred by the judgment debtor to the corporation or arose out of the sale of merchandise so transferred, and the case is, therefore, remitted for the purpose of taking proof in reference to these matters and of examining the judgment debtor concerning the allegation that he disposed of the property under the advice of counsel.

APPEAL by the plaintiffs, Jacob D. Cohen and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of February, 1923, denying plaintiffs' motion to punish the defendant Ike Goodman for contempt of court.

*Miller & Wessel [Arthur Ofner* of counsel; *Harry N. Wessel* with him on the brief], for the appellants.

*Shaine & Weinrib [Edward C. Weinrib* of counsel], for the respondent Ike Goodman.

PAGE, J.:

The defendant Ike Goodman for a number of years was engaged in the woolen business in New York city, and on April 14, 1922, owned merchandise valued at $14,209.59, machinery and fixtures valued at $1,000, accounts receivable valued at $12,024.10, and $955.80 cash in bank, making a total of $28,189.49; and owed merchandise creditors $24,483.01 and was indebted to the plaintiff on three promissory notes in the sum of $2,750 each. On that date Ike Goodman caused the corporation, I. Goodman & Son, Inc., to be formed with an authorized capital stock of $25,000, and on the same day transferred and assigned to it all of the assets above mentioned in exchange for its capital stock, or a portion thereof, and the defendant Ike Goodman became president of the company and the active manager thereof.

The plaintiff herein, as a judgment creditor, commenced this action to have the transfer of the assets of Ike Goodman vacated and set aside as in violation of the Bulk Sales Act. (See Pers. Prop. Law, § 44, as amd. by Laws of 1914, chap. 507.) It is conceded that no attempt was made to comply with said act. Pending the application for the appointment of a receiver Ike Goodman on September 28, 1922, having stripped himself of all assets, filed a petition in voluntary bankruptcy in which schedules were filed showing no assets but showing liabilities, including plaintiff's claim, of $42,418.71. On September 30, 1922, Albert J. Berwin was appointed receiver in this action under an order authorizing him to sell and dispose of the property so transferred, requiring the corporate defendant to account for the proceeds thereof sold prior to his appointment, and enjoining both defendants from in any way selling or otherwise disposing of said merchandise and fixtures. Berwin duly qualified and immediately took possession of the premises occupied by the defendant corporation and the stock of merchandise and also the books of account contained therein.

An application was made in the United States District Court for an order directing Berwin to vacate the premises and turn over the assets to the corporation. This motion was denied on the ground that the property was in possession of the State court. Berwin was appointed receiver in bankruptcy by the United States District Court, and duly qualified. By that order he was authorized to intervene as a plaintiff in this action, to prosecute the same to judgment, to continue in possession of the said stock of merchandise and fixtures and to compel an accounting by said corporation. Berwin thereafter, by an order of the Supreme Court, was allowed to intervene as a party plaintiff. On October 16, 1922, an order was issued requiring Berwin to show cause why he should not vacate the premises and stop interfering with the business of I. Goodman & Son, Inc. This application came on to be heard on October 20, 1922, and pursuant to the suggestion of the court an elaborate order was framed and consented to by the attorneys, which reads as follows:

" Ordered as follows:

" 1. That, pending the filing of the report of the Referee hereinafter appointed, Albert J. Berwin, Esq., the Receiver heretofore duly appointed in this action, have joint control with the defendant, I. Goodman & Son, Inc., of its business and property now located at No. 21 Washington Place, Manhattan, New York City; that said Receiver be kept fully informed as to all transactions heretofore or hereafter entered into by said corporation; that he at all times have possession and full and free access to its corporate books,

records and books of account; that all funds belonging to said corporation and all moneys hereafter realized on outstanding accounts, now due or hereafter to become due to said corporation, or from the sale of merchandise, now owned or hereafter owned by said corporation, be kept and deposited to the credit of its account in a bank to be selected by said corporation and Receiver, and that such funds shall only be withdrawn by check of said corporation countersigned by said Receiver without the addition of his official title.

" 2. That the Receiver, together with the officers of the corporate defendant, shall cause an inventory to be made showing the exact amount of merchandise now on hand and in the possession of the corporate defendant, the exact amount of money owing to the corporate defendant by way of accounts receivable, notes and loans receivable, the exact amount of money owed by the corporation by way of notes and loans payable, the exact amount of goods in the hands of contractors or other persons, the property of the corporate defendant, and such other and further records and facts as will determine the exact amount of assets and liabilities of said corporate defendant.

" 3. That in addition to the inventory mentioned in the preceding paragraph, the Receiver and the corporate defendant shall keep records showing the disposition of any goods or merchandise by the said corporate defendant by way of sale or consignment to contractors or other persons for the purpose of manufacture.

" 4. That said Receiver withdraw the custodian now in possession of the premises of the corporate defendant upon said defendants paying said custodian the sum of Five ($5.00) Dollars per day during the period of his employment.

" 5. That the issues raised by the complaint and answer herein be, and the same hereby are referred to Herman Hoffman, Esq., Counsellor at Law of the City of New York, who is hereby appointed Referee to hear and determine said issues; that the defendants Ike Goodman and I. Goodman & Son, Inc., forthwith account to the Receiver before the said Referee for the stock of merchandise and fixtures heretofore sold and disposed of by said defendant Ike Goodman to said defendant I. Goodman & Son, Inc., and that said Referee take and state an account showing the sources of all property now in the hands of said corporate defendant and the ownership thereof; that said account so to be filed by said defendants contain an itemized statement of the stock of merchandise and fixtures so transferred and disposed of by said defendant Ike Goodman to the said defendant I. Goodman & Son, Inc.; that the same be filed with the said Referee within five (5)

First Department, May, 1923. [Vol. 205

days after the entry hereof and that the hearings then proceed before said Referee on two (2) days' notice from either side and be concluded with all due speed."

At the first hearing before the referee the attorneys for the defendants obtained an adjournment on the ground that they were withdrawing from the case and other attorneys were to be substituted in their place. Pending such adjournment a member of the firm which was thereafter substituted called up plaintiffs' attorneys and informed them that he was then considering the advisability of accepting a retainer, and further informed plaintiffs' attorneys that Ike Goodman had assigned all of the accounts receivable of the corporation defendant to various creditors in alleged settlement of their several accounts against the corporation, and that the merchandise had been disposed of and removed from the premises occupied by the corporation. On receiving this information Berwin visited the premises and found that everything had been removed from the premises except some office furniture and fixtures which he afterwards sold and realized less than $200 gross.

Ike Goodman, in his affidavit, swears positively and circumstantially that he was advised by the attorneys who represented him upon the settlement of the order, that the order did not inhibit him from this course of dealing with the property. In a replying affidavit it is stated that these attorneys have denied to plaintiffs that they had so advised the defendant Goodman, but refused to make an affidavit, except by direction of the court, as they were at the time mentioned attorneys for defendants.

In my opinion there is not the slightest question that the action of the defendant Ike Goodman was a deliberate violation of the order above set forth. The transfers were made without the knowledge or consent of the receiver, and thereby the business was terminated and the assets removed from the joint control of the receiver and the defendant corporation, and the very purpose of the order was thus defeated, and thereby property which was in the custody of the court for the purpose of satisfying any judgment that might have been recovered, without the consent of the officer of the court into whose custody the same had been committed, was dissipated and applied to other purposes with the deliberate and willful intent to impede and impair the plaintiffs' remedy. That Ike Goodman should be punished for his contempt seems, therefore, proper. Under the proofs we cannot administer adequate punishment, for the reason that it does not appear that the goods transferred by the corporation were the identical goods received from Ike Goodman or were purchased with the avails of their sale or that the accounts receivable which were transferred were

those which Ike Goodman transferred to the corporation, or arising out of the sale of the merchandise so transferred.

On the trial before the referee, Goodman was asked whether subsequent to September 30, 1922, he had assigned to creditors of the corporation any outstanding accounts due to it, and of what do the present assets of the corporation consist. Under advice of counsel he claimed privilege, on the ground that it might incriminate him and expose him to a penalty, and counsel's statement of the claim was " on the ground it may tend to incriminate him and hold him for contempt probably of an order of the court." Neither ground of objection was good. *First*, he was asked as to corporate transactions; *second*, the acts were not criminal; *third*, liability for punishment for contempt is not liability to a penalty within the meaning of section 355 of the Civil Practice Act.

The order should be reversed, with ten dollars costs and disbursements, and the matter remitted to the Special Term to take proof of the allegation of the petition and answering affidavits; that the defendant Ike Goodman be required to make full disclosure of the merchandise and accounts receivable transferred by him to I. Goodman & Son, Inc., and as to the disposition thereof by said corporation, whether any of the avails of the said merchandise or moneys collected on the accounts receivable were used in payment of the expenses of the business of said corporation or in the purchase of goods for said corporation, and further to examine the attorneys of said Goodman at the time of the entry of the order of October 20, 1922, concerning the allegations of Goodman that what he did in the premises was by virtue of their advice, and such further facts as to the court may seem proper.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and the matter remitted to Special Term for further action in accordance with opinion. Settle order on notice.